IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| BENJAMIN WOODS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 1:23-cv-00357 |
| | § | |
| | § | |
| WAL-MART STORES EAST, LP, | § | |
| | § | **JURY DEMANDED** |
| Defendant. | § | |

## ORIGINAL COMPLAINT

Plaintiff, Benjamin Woods, files this Complaint and Jury Demand against Defendant Wal-Mart Stores East, LP, alleging willful violation of the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*, as amended by the ADA Amendments Act of 2008 (ADA), the New Mexico Human Rights Act (NMHRA); and the Family and Medical Leave Act.  For causes of action, Plaintiff would show the Court as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Benjamin Woods is a resident of Socorro County, New Mexico.

2. Defendant Wal-Mart Stores East, LP is an entity which can be served with Citation through its Registered Agent, Corporation Process Company, 726 East Michigan, Suite 330, Hobbs, NM 88240, or wherever it may be found.

3. This Court has jurisdiction to hear the merits of Woods' claims under 28 U.S.C. §1331 and 42 U.S.C. §12117(a).  The Court has supplemental jurisdiction over Woods' claims arising under New Mexico statutory law under 28 U.S.C. §1367.

4. Venue is proper in this district and division under 42 U.S.C. §12117(a) (incorporating 42 U.S.C. §2000e-5(f)(3)) and 28 U.S.C. §1391(b)(1) because the incidents that gave rise to the claims in this case occurred in Valencia County, New Mexico.

1

5.      Woods has exhausted his administrative remedies under both the ADA and the NMHRA. Woods filed a charge of discrimination within 300 days from the date of his termination. He received an Order of Nondetermination from the New Mexico Human Rights Bureau on January 27, 2023 and a Notice of Right to Sue on February 10, 2023. This lawsuit has been filed within 90 days of both of these dates.

## FACTUAL BACKGROUND

6.      Plaintiff, Benjamin Woods, was hired by the Defendant in 2018 as an area manager for Defendant's distribution center located in Los Lunas, New Mexico.

7.      Woods worked hard for Wal-Mart and met standards for his work prior to November 2021.

8.      In November 2021, Woods and his family contracted COVID-19. He and his family suffered particularly hard as a result of being infected. His wife is still on oxygen as a result of her COVID-19 infection. His wife's grandmother passed away from COVID-19 at that time.

9.      Woods himself contracted COVID and suffered complications from a long COVID-19 infection. For over six months, he suffered side effects from COVID-19 including migraines, trouble breathing, and an inflamed heart.

10.     Woods sought and received a leave of absence and FMLA leave from Defendant as coordinated by Defendant's third-party benefits coordinator, Sedgwick. Woods ended up being on FMLA leave or an accommodation of leave of absence from November 2021 to May 31, 2022.

11.     Woods' leave of absence was a reasonable accommodation for which Defendant's employment policies allowed.

12.     During his leave, Woods was unable to work due to a qualifying disability. He maintained contact with his managers and the human resources manager as required by company policy.

13.     During his leave, Woods' operational supervisors became increasingly unhappy regarding the leave that he was required to take. In mid-March 2022, Defendant told Woods that

they were going to revoke his leave and told him that he would not have his position and would have to re-apply if he wanted to work.

14. Because their position was outside of policy, Woods opposed Defendant's position and insisted on them respecting his leave accommodation. A representative from human resources contacted him shortly thereafter and said that the company was wrong and his position would be there for him when he returned.

15. Woods contacted the General Manager in May 2022 to let her know that he would be returning to work on May 31 from his leave. She told him that they would arrange to have him in his position as Area Manager.

16. However, on May 31, 2022, when Woods arrived for his first day back on the job after leave, the General Manager called him and told him they would be terminating his employment and they would not have a position open for him.

17. Defendant stated that his termination was the result of an evaluation – one which was completed in his absence without his consultation.

18. His termination was outside company policy. Other employees in the same position with similar or worse performance evaluations have not been terminated. Other employees in the same position have not been treated the same way as Woods.

19. Woods was replaced by an employee who did not suffer from an actual disability or a condition that Defendant perceived as a disability.

20. The reason for his termination was pretextual.

## CAUSES OF ACTION

### COUNT ONE:

### Discrimination on the Basis of Disability (Actual and Perceived As) in violation of the ADA and NMHRA

21. Defendant violated by the Americans with Disabilities Act and the New Mexico Human Rights Act by discharging Plaintiff.

22. Under the ADA and the New Mexico Human Rights Act, it is unlawful for an employer to discriminate against any individual with respect to his employment because of that individual's disability, because the employer regards the individual as a person with a disability, or in retaliation for the individual's involvement in protected activity.

23. Defendant is an employer under the ADA and the NMHRA.

24. Plaintiff was qualified for and could perform the essential functions of his job at the time of his termination. Plaintiff is a qualified individual with a disability, is a qualified individual with a record of a disability, and was regarded by the Defendant as a person with a disability.

25. Plaintiff was terminated as a direct result of his disability, his record of having a disability, because Defendant regarded Plaintiff as a person with a disability, and/or in retaliation for seeking a reasonable accommodation and engaging in protected activity.

26. Defendant violated both the ADA and the NMHRA by intentionally discriminating against Plaintiff because of his disability by terminating Plaintiff's employment. Plaintiff's disability and/or being regarded as disabled was a determining or motivating factor in Defendant's decision to terminate Plaintiff's employment. Plaintiff's disability and/or Defendant's perception of Plaintiff as a person with a disability moved Defendant toward its decision or was a factor that played a part in Defendant's employment decisions as to Plaintiff. Defendant violated both the ADA and the NMHRA by retaliating against Plaintiff for his repeated requests for accommodation of his disability.

## COUNT TWO

### Family and Medical Leave Act

27. The Family and Medical Leave Act contains two distinct provisions: (1) an entitlement clause and (2) an anti-discrimination clause. *See* 29 U.S.C. §§ 2612, 2615. The entitlement clause provides a series of entitlements which give certain rights to employees such as the right to have their job back once they return from a qualified leave. The FMLA also contains provisions that prevent an employer from retaliating against an employee for taking FMLA leave. *See* 29 U.S.C. § 2615(a) *and* (b). Defendant is in willful violation of the FMLA. Defendant violated 29 U.S.C. § 2612, §2614 and 29 U.S.C. § 2615(a) and 29 U.S.C. § 2615(b).

28. Plaintiff availed himself of a protected right under the FMLA and was subsequently terminated. There is a causal connection between the Plaintiff's protected activity and Defendant's decision to terminate Plaintiff. Plaintiff's taking of FMLA was a motivating factor in the decision to terminate, and, as such, was a cause of Plaintiff's damages, as set forth below.

29. In addition, an employee who takes FMLA leave under section 2612 shall be entitled, on return from such leave, to be restored by the employer to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment. *See* 29 U.S.C. §2614(a)(1). Furthermore, the taking of FMLA leave under section 2612 shall not result in the loss of any employment benefit accrued prior to the date on which the leave commended. *See* 29 U.S.C. §2614(a)(2). Defendant has violated these provisions of the FMLA by terminating Plaintiff while he was on FMLA and refusing to reinstate him into his position following his FMLA leave.

## DAMAGES

30. As a result of Defendant's unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages, interest on back pay and front pay, future wages or front pay, lost earnings in the past and future, lost benefits under the contract or employment relationship, employment benefits in the past, and employment benefits in the future. Plaintiff has also incurred other actual damages as a result of Defendant's unlawful conduct, including, but not limited to, past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, and other pecuniary and non-pecuniary losses.

## COMPENSATORY DAMAGES

31. Defendant intentionally engaged in an unlawful employment practice by discriminating against Plaintiff because of his disability, his record of having a disability, because Defendant regarded Plaintiff as being disabled, and/or in retaliation for his engagement in protected activity. Plaintiff additionally brings suit for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, lost earning capacity in the past and future, and other pecuniary and non-pecuniary losses.

## PUNITIVE DAMAGES

32. The conduct committed by Defendant against Plaintiff is the type of conduct demonstrating malice or reckless indifference to the rights of the Plaintiff. Therefore, Plaintiff additionally brings suit for punitive damages.

## LIQUIDATED DAMAGES

33. Pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii), Plaintiff further seeks liquidated

6

damages in an amount equal to wages, salary, employment benefits, or other compensation lost by Plaintiff and described above.

## ATTORNEYS' FEES AND EXPERT FEES

34. A prevailing party may recover reasonable attorneys' and experts' fees under the FMLA, the NMHRA, and the ADA. Plaintiff seeks all reasonable and necessary attorneys' fees in this case, including preparation and trial of this lawsuit, post-trial, pre-appeal legal services, and any appeals. Plaintiff additionally brings suit for expert fees.

## JURY DEMAND

35. Plaintiff demands a trial by jury of all the issues and facts in this case and tenders herewith the requisite jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

i. The Court assume jurisdiction of this cause;

ii. The Court award Plaintiff damages as specified above;

iii. The Court award Plaintiff reinstatement or, in the alternative, front pay;

iv. The Court award Plaintiff's reasonable attorneys' and expert fees and costs;

v. The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.

vi. The Court award Plaintiff reinstatement with a requirement of reasonable accommodation, or, in the alternative, that the Court award front pay to the Plaintiff.

Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

Signed: April 26, 2023         Respectfully submitted,

COYLE & BENOIT, P.L.L.C.
2515 N. Stanton St.
El Paso, Texas 79902
(915)532-5544
(915)532-5566 Fax

*/s/ Christopher Benoit*
**Christopher Benoit**
chris@coylefirm.com

And

ANDY RAY LAW, LLC
P.O. Box 640
Tijeras, New Mexico 87059
(505) 847-3300

*/s/ Andy Ray*
**Andy Ray**
andy@andyraylaw.com